Board of Professional Responsibility

2007 WY 7

## BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,

v.

## Guy Patrick CLEVELAND, Attorney No. 6–3407, Respondent.

### No. D–06–9.

Supreme Court of Wyoming.

Jan. 17, 2007.

Censure," filed herein December 26, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, the Respondent's "Section 16 Affidavit and Stipulation to Discipline," Bar Counsel's "Motion for Public Censure and to File a Report and Recommendation for Discipline," and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that Respondent Guy Patrick Cleveland should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that Guy Patrick Cleveland shall receive a public censure for his conduct, and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation for Public Censure; and it is further

**ORDERED** that, on or before August 1, 2007, Guy Patrick Cleveland shall complete five additional hours of ethics CLE. Such CLE must be pre-approved by Bar Counsel. This CLE requirement is in addition to the mandatory CLE requirements; and it is further

**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Guy Patrick Cleveland shall reimburse the Wyoming State Bar the amount of $200.00, representing some of the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Cleveland shall pay the total amount of $700.00 to the Clerk of the Board of Professional Responsibility on or before March 1, 2007; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Rec-

## ORDER OF PUBLIC CENSURE

**This matter** came before the Court upon a "Report and Recommendation for Public

ommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Guy Patrick Cleveland; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

**DATED** this 16th day of January, 2007.

**BY THE COURT:**
/s/ Barton R. Voigt
**BARTON R. VOIGT**
**Chief Justice**

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY WYOMING STATE BAR STATE OF WYOMING

In the matter of GUY PATRICK CLEVELAND, WSB Attorney No. 6-3407, Respondent.

Docket No. 2006-16

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

The Board of Professional Responsibility makes the following report and recommendation for public censure, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1. Respondent is currently an active member of the Wyoming State Bar and has been since 2000. He resides in Cheyenne, Wyoming.

2. On 22 November 2005, Respondent filed a lawsuit pro se against Victor Fees and two of his business entities. The gist of the complaint was that Fees had taken certain intellectual property from Respondent in the form of a software program that would generate pleadings, motions; and other documents for domestic relations cases in Wyoming.

3. The complaint included allegations which Respondent knew were not true at the time Respondent filed the Complaint.

4. On 27 December 2005, counsel for defendants in that matter filed a motion to disqualify Respondent from acting as his own counsel. Respondent objected to the motion, but Judge Donnell granted the motion in late January 2006. Respondent then retained Ray Macchia as his counsel.

5. On 6 June 2006, counsel for defendants filed a motion to dismiss, claiming that Respondent had failed and refused to comply with discovery obligations. By Order on Motion for Sanctions dated 20 July 2006, Judge Donnell found that Respondent had willfully and in bad faith failed to provide discovery responses, that Respondent had failed to inform his experts that their depositions had been scheduled such that they did not appear, and that his testimony at his deposition was a willful and bad faith attempt to hamper defendant's ability to defend the case. In a subsequent Rule 11 motion by defendants, Judge Donnell ordered that Respondent pay $1470 in attorney fees and attend 10 CLE hours specifically regarding pretrial procedures, pleadings, and discovery.

■ 6. By including allegations in his *pro se* complaint, Respondent violated Rule 8.4(d) of the Wyoming Rules of Professional Conduct.

■ 7. By failing to comply with his discovery obligations, Respondent violated Rules 3.4(c) and 3.4(d) of the Wyoming Rules of Professional Conduct.

### CONCLUSIONS OF LAW

8. Standard 6.13 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violation of Rule 8.4(d): "Reprimand [or public censure] is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the

legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding."

9. Standard 6.23 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violation of Rule 3.4: "Reprimand [or public censure] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding."

10. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

    a. Applicable aggravating factors in this case are:

        i. Section 9.22(i)——substantial experience in the practice of law.

    b. Applicable mitigating factors are:

        i. Section 9.32(a)——absence of a prior disciplinary record; and

        ii. Section 9.32(k)——imposition of other penalties or sanctions.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

11. As an appropriate sanction for Respondent's violations of Wyoming Rules of Professional Conduct, it is recommended that:

    a. Respondent will receive a public censure which states as follows:

"Cheyenne attorney Guy Patrick Cleveland received a formal public censure by order of the Wyoming Supreme Court on _____. Mr. Cleveland filed a *pro se* complaint which included allegations he knew to be false in violation of Rule 8.4 of the Wyoming Rules of Professional Conduct. He also failed in that action to comply with his discovery obligations in violation of Rule 3.4. The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys.

Mr. Cleveland stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly censure Mr. Cleveland. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Cleveland, requiring him to attend additional ethics continuing education classes, and requiring him to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

    b. Respondent will complete five additional ethics CLE hours by 1 August 2007 which are pre-approved by Bar Counsel and which are in addition to the regularly required CLE hours.

    c. Respondent will reimburse the Wyoming State Bar for the costs of handling this matter in the amount of $200.00 and pay the administrative fee of $500.00 no later than 1 February 2007.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended December 26, 2006.

/s/ Joe Teig
Joe Teig, Chair
Board of Professional Responsibility